## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JIMMIE D. SAPP,

      Petitioner,

-vs-                                          Case No.  8:11-cv-1506-T-27EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

### ORDER

      Petitioner, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  He subsequently filed an amended petition (Dkt. 18).  Petitioner challenges his sexual battery conviction entered in 2006 by the Fifth Judicial Circuit Court, Hernando County, Florida.  Respondent filed a response to the petition, in which it incorporates a motion to dismiss the petition as untimely (Dkt. 21). Petitioner filed a reply to the response (Dkt. 22).  Upon consideration, this case is dismissed as time-barred.

      The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1).  *Lawrence v. Florida*, 549 U.S. 327, 331 (2007).  The limitation period runs from the latest of . . . "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

On July 17, 2007, the appellate court affirmed Petitioner's state court conviction (Resp. Ex. G); *Sapp v. State*, 962 So. 2d 355 (Fla. 5th DCA 2007). His conviction therefore became final 90 days later, on October 15, 2007, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. See Sup. Ct. R. 13(3) ("[t]he time to file a petition for . . . writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (stating the 90-day period begins to run from the date of entry of judgment and not the issuance of the mandate). Petitioner therefore had one year from October 15, 2007, in which to file a timely federal habeas petition under 28 U.S.C. § 2254. His original federal habeas petition was filed on June 29, 2011 (see Dkt. 1), nearly four years after his conviction became final. Accordingly, unless the limitation period was tolled by a properly filed state court post-conviction application or equitable tolling applies, his federal petition is time-barred.

On February 8, 2008, 116 days after his conviction became final, Petitioner filed a Florida Rule 3.800 motion to correct an illegal sentence (Resp. Ex. H). This motion was "properly filed" pursuant to § 2244(d)(2) because it was filed in accordance with the state court's rules governing such filings, and therefore, it tolled the federal one-year limitation period. *See Artuz*, 531 U.S. at 8. On March 10, 2008, the state court denied the motion (Resp. Ex. I). Petitioner appealed (Resp. Ex. J), and the appellate court affirmed per curiam on July 1, 2008 (Resp. Ex. K); *Sapp v. State*, 985 So. 2d 548 (Fla. 5th DCA 2008). The appellate court's mandate issued on July 18, 2008 (Id.).

On July 11, 2008, Petitioner filed a state petition for writ of habeas corpus alleging

2

ineffective assistance of appellate counsel (Resp. Ex. U).  The petition was "properly filed" and therefore tolled the one-year limitation period.  On November 5, 2008, the Fifth District Court of Appeal denied the petition (Resp. Ex. W).  Petitioner's motion for rehearing was denied on December 17, 2008 (Id.).

Another 50 days of untolled time elapsed until Petitioner, on February 5, 2009, filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (Resp. Ex. L).  The Rule 3.850 motion was "properly filed" and therefore suspended the running of the one-year limitation period, with 199 days of it remaining (365 - 166 = 199).  The state trial court denied the Rule 3.850 motion on April 29, 2009 (Resp. Ex. M).  The appellate court affirmed the denial on August 25, 2009 (Resp. Ex. N); *Sapp v. State*, 16 So. 3d 143 (Fla. 5th DCA 2009) [table].  The appellate court's mandate issued on September 16, 2009 (id.), restarting the federal limitation period and giving Petitioner until Monday, April 5, 2010 (199 days),[1] to file a federal habeas petition.  *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that a Florida post-conviction motion remains pending until the appellate court's mandate issues).

On September 13, 2010, Petitioner filed a second Rule 3.850 motion (Resp. Ex. O).  However, because the federal limitation period already expired on April 5, 2010, his second Rule 3.850 motion did not toll the federal limitation period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (Rule 3.850 motion, "filed after expiration of the limitations period[,]  does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a Rule 3.850 motion is filed after the expiration of the federal limitation period, it does not toll the period under § 2244(d)(2) because no period

---

[1] Because April 3, 2010 (the 199th day) fell on a Saturday, Petitioner had until the following Monday to file his federal habeas petition.

remains to be tolled).   Therefore, absent equitable tolling or a showing of actual innocence, Petitioner's federal habeas petition is time-barred.

The limitation period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).   Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence).   Equitable tolling only applies, however, where the litigant satisfies his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Petitioner has not satisfied his burden of showing circumstances justifying equitable tolling. In his reply, Petitioner makes no showing of extraordinary circumstances which prevented him from filing a timely federal habeas petition. Nor does he demonstrate that he has diligently pursued his rights (Dkt. 22).   And he makes no cognizable claim of actual innocence which might otherwise justify an exception to the AEDPA limitation bar as a "fundamental miscarriage of justice." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

Accordingly, the Court **ORDERS** that:

1. Petitioner's amended petition for writ of habeas corpus (Dkt. 18) is **DISMISSED** as time-barred.

2. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and

close this case.

### Certificate of Appealability

A certificate of appealability will be granted only if "jurists of reason" would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make this showing. Accordingly, Petitioner is not entitled to a certificate of appealability. Since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on ___March 31st___, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
          Counsel of Record